IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PEAJE INVESTMENTS LLC,<br><br>**Plaintiff,**<br><br>       **v.**<br><br>ALEJANDRO GARCIA-PADILLA, *et al.*,<br><br>**Defendants.** | Civil No. 16-2365 (FAB) |
| ASSURED GUARANTY CORP., *et als.*,<br><br>**Plaintiffs,**<br><br>       **v.**<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>**Defendants.** | Civil No. 16-2384 (FAB) |
| ALTAIR GLOBAL CREDIT OPPORTUNITIES FUND (A), LLC, *et al.*,<br><br>**Movants,**<br><br>       **v.**<br><br>ALEJANDRO GARCIA-PADILLA, *et al.*,<br><br>**Respondents.** | Civil No. 16-2696 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or the "Board")'s motion to intervene in these consolidated cases pursuant to section

212(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") and Federal Rule of Civil Procedure 24(a) ("Rule 24(a)").   (Civil No. 16-2365, Docket No. 67; Civil No. 16-2384, Docket No. 51; Civil No. 16-2696, Docket No. 56.)  For the reasons discussed below, the Court DENIES WITHOUT PREJUDICE the Oversight Board's motion.

**BACKGROUND**

On June 30, 2016, the United States enacted PROMESA to address the dire fiscal emergency in Puerto Rico.   The legislation was designed to establish "[a] comprehensive approach to [Puerto Rico's] fiscal, management and structural problems and adjustments . . . involving independent oversight and a Federal statutory authority for the Government of Puerto Rico to restructure debts in a fair and orderly process."   PROMESA, § 405(m)(4).   PROMESA establishes the seven member Oversight Board for Puerto Rico.   Id. §§ 101(b)(1), (e)(1)(A).  All members of the Oversight Board were appointed on August 31, 2016.

Also among PROMESA's provisions is an automatic stay, among other things, of all liability-related litigation against the Commonwealth of Puerto Rico, which "was or could have been" commenced before the law's enactment, "or to recover a Liability Claim against the government of Puerto Rico that arose before the enactment of [the] Act."  PROMESA § 405(b)(1).  Plaintiffs in these consolidated actions do not dispute that PROMESA's automatic stay is applicable to their claims.  The parties, however, disagree over

whether there is "cause" to grant plaintiffs relief from the stay
pursuant to section 405(e)(2).  On October 28, 2016, the Oversight
Board filed identical motions to intervene in these three cases
which included identical substantive oppositions to plaintiffs'
requests to vacate the stay.

## DISCUSSION

The Oversight Board argues that it is entitled to intervene as
of right in these consolidated actions pursuant to Rule 24(a) and
section 212 of PROMESA.

The Board, in its attached opposition to the plaintiffs'
motion for relief from stay, also includes a set of requirements
that it seeks to have the Court enforce against the Commonwealth.

## A.   Procedural Deficiency pursuant to Rule 24(c)

Although the Oversight Board's motion to intervene indicates
its opposition to vacate the stay in these cases, it is not
"accompanied by a pleading that sets out the claim or defense for
which intervention is sought," as required by the Federal Rules.
Fed. R. Civ. P. 24(c).  Rather, the Board merely states that it is
"not at this time taking any position on the merits of the parties'
claims and defenses in the pending challenges to the Moratorium Act
and related Executive Orders."  (Civil No. 16-2365, Docket No. 67
at p. 8; Civil No. 16-2384, Docket No. 51 at p. 8; Civil No. 16-
2696, Docket No. 56 at p. 8.)

The First Circuit Court of Appeals has indicated that
Rule 24(c)'s requirements are mandatory and that a party's failure

Civil Nos. 16-2365, 16-2384, 16-2696 (FAB)                              4

to meet them warrants dismissal of its motion.  See Public Service Company of New Hampshire v. Patch, 136 F.3d 197, 205 n. 6 (1st Cir. 1998).  Given the procedural deficiency in the Oversight Board's motion to intervene, the Court is obligated to deny that motion.

## B.   The Oversight Board's Requested Requirements

In its attached opposition to the plaintiffs' motions for relief from stay, the Oversight Board includes a set of requirements that it believes "will alleviate some of the Plaintiffs' concerns and . . . bring about much needed transparency and facilitate negotiation with creditors and of required fiscal plans."  (Civil No. 16-2365, Docket No. 67 at p. 19; Civil No. 16-2384, Docket No. 51 at p. 19; Civil No. 16-2696, Docket No. 56 at p. 19.)  The Board, which urges the Court to enforce these requirements against the Commonwealth, makes the following specific requests:

*The Commonwealth must account for (i) all funds that are subject to creditors' security interests ("Security Interest Funds") and over which it has exercised control pursuant to the Moratorium Act and Executive Orders ("Intercepted Funds"), (ii) future revenues and expenditures, and (iii) all transfers to and from the GDB since April 6, 2016;

*Any reserve funds held by creditors pursuant to their bond indentures and other governing documents should be available for debt service payments as they become due and as is provided for in the governing agreements, provided, however, that creditors must account for any payments made out of reserve funds;

*The Commonwealth must immediately begin rolling production of information requested by the Oversight Board on October 5 and 20, 2016, with such production to be completed no later than October 30, 2016;

Civil Nos. 16-2365, 16-2384, 16-2696 (FAB)                                5

    *The Commonwealth must provide the Oversight Board the
guidelines and procedures and priorities for payments it is using
to make disbursements by October 30, 2016;

    *The Commonwealth may continue to use the Security Interest
Funds (including the Intercepted Funds) for "essential services"
and for categories of other government expenses;

    *The Oversight Board must be given immediate unfettered access
to the Commonwealth's financial officials and advisors; and

    *The Commonwealth must provide to the Oversight Board an
information sharing protocol that will establish, among other
things, procedures and timetables for requesting and producing
information, sharing information and maintaining its
confidentiality as appropriate, and resolving any disputes.

Id. at pp. 19-20.  PROMESA explicitly authorizes the Oversight

Board to require, "in its sole discretion, the Governor to submit

to the Oversight Board such budgets and monthly or quarterly

reports regarding a covered territorial instrumentality as the

Oversight Board determines to be necessary."      PROMESA

§ 101(d)(1)(B).  The Board also has "the right to secure copies,

whether written or electronic, of such records, documents,

information, data, or metadata from the territorial government

necessary to enable the Oversight Board to carry out its

responsibilities under this Act."  Id. § 104(c)(2).  Moreover, the

Board is empowered to "seek judicial enforcement of its authority

to carry out its responsibilities under this Act."  Id. § 104(k).

    In light of these provisions, the Oversight Board has the

authority to make the type of requests included in its requirements

list and to seek legal redress from the Court in the event that the

Commonwealth does not directly comply with those requests.  Based

Civil Nos. 16-2365, 16-2384, 16-2696 (FAB)                                    6

on the information before the Court, however, it is not evident that the Commonwealth has not complied with the Board's requests yet. Although the Oversight Board provides copies of various letters - sent to the Governor - seeking production of certain financial information and reports, these documents do not necessarily demonstrate that the Commonwealth has been non-compliant. It is not clear that judicial intervention pursuant to PROMESA § 104(k) is therefore warranted at this time. Should the Board be faced with resistance or non-compliance on the part of the Commonwealth, the Court will consider any request by the Board "to seek judicial enforcement of its authority to carry out its responsibilities" pursuant to PROMESA.

**CONCLUSION**

For the reasons discussed above, the Court **DENIES WITHOUT PREJUDICE** the Oversight Board's motion to intervene in these consolidated cases. (Civil No. 16-2365, Docket No. 67; Civil No. 16-2384, Docket No. 51; Civil No. 16-2696, Docket No. 56.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 1, 2016.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE